In the Matter of the Application of THE SUGAR SALES CORPORATION, Petitioner, for a Certiorari Order against M. F. LOUGHMAN, President, and Others, as Commissioners of Taxes of the Department of Taxation and Finance of the State of New York, Respondents.

. Third Department, May 13, 1931.

*Zabriskie, Sage, Gray & Todd* [*William E. Sims* of counsel], for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown, Assistant Attorney-General,* of counsel], for the respondents.

VAN KIRK, P. J.   The sole question is whether the petitioner had the right to deduct from its net income or profits all thereof except seven per cent on the par value of its capital stock, which right it claims under a contract in which the petitioner agrees to pay these several sums to the Royal Bank of Canada.   The taxes computed on the net income for the four years, before the deduction is made, total $18,011.71; after the deduction the total is $509.08.

The petitioner is a domestic corporation, organized by or on behalf

of the Royal Bank of Canada in 1913. This bank, or its nominees, held the entire capital stock, the par value of which was $24,000. In September, 1924, Mr. Tapley, the then president of the petitioner, purchased the entire capital stock for the sum of $24,000, and thereafter was the sole stockholder, so far as the record shows. At the time of the purchase a written agreement was made between the Royal Bank of Canada and the petitioner, Sugar Sales Corporation, in which is the stipulation that, " in consideration of the Bank's agreements, herein contained, the Corporation will pay to the Bank all net profits of the Corporation in excess of seven per cent (7%) per annum on the outstanding $24,000 common stock, and Buyer agrees to do all things necessary to carry into effect the provisions hereof." There were other stipulations under which the entire control of the corporation's business, which was sugar brokerage, should be in the bank; and Mr. Tapley testified, in answer to the question why the agreement to pay the excess profits to the bank was made: " The reason for that was they controlled the business. If I paid $24,000 for the stock and they took the business away from me next month, the stock would be valueless." Again he testified: " It was their business anyway." This record shows that also, while Mr. Tapley was president of the petitioner, he received a salary of $9,000, and in the agreement his salary was increased to $11,000.

Under section 209 of the Tax Law it is provided that the annual tax shall " be computed by the Tax Commission upon the basis of its entire net income, as defined in subdivision three of section two hundred and eight of the Tax Law, * * * which entire net income is presumably the same as the entire net income which such corporation is required to report to the United States, plus any income * * *." The part of the net income or net profits of the corporation above seven per cent upon the capital stock of petitioner was the net income or profits of the petitioner. As such it was subject to the franchise tax. The stipulation or agreement between the Royal Bank of Canada and the petitioner was without effect to make this excess other than a part of the income. (*People ex rel. Butler, Inc.,* v. *Law,* 210 App. Div. 804; affd., 240 N. Y. 644.) We think that case is decisive of the question in the instant case. What disposition the petitioner made of the excess after the franchise tax was paid is of no moment to the State; nor, if, as petitioner claims, the Federal government has allowed the deduction, is its decision binding upon the Tax Commission of this State. The deduction claimed is not allowed under any statute; it is not one of the necessary expenses of the business and, whether or not so intended,

simply served the purpose of depriving the State of a tax payment which rightfully belongs to the State " for the privilege of exercising its franchise " in a corporate capacity in this State.

The determination of the State Tax Commission should be confirmed, with fifty dollars costs and disbursements.

All concur.

Determination confirmed with fifty dollars costs and disbursements.